**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JAIME MAZZO, individually and on behalf of all others similarly situated, *Plaintiff,* v. PLANET HOME LENDING, LLC, *Defendant.* | **CLASS ACTION** **Case No.: 3:24-cv-00130** **JURY TRIAL DEMANDED** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Jaime Mazzo, individually and on behalf of all others similarly situated, brings this Class Action Complaint and alleges the following against defendant Planet Home Lending, LLC ("Planet Home" or "Defendant"), based upon personal knowledge with respect to Plaintiff and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this class action against Planet Home for its failure to properly secure Plaintiff's and Class Members' personally identifiable information ("PII"). The PII may have included victims' names, addresses, Social Security numbers, loan numbers, and financial account numbers.

2.      Planet Home failed to comply with industry standards to protect information systems that contain PII. Plaintiff seeks, among other things, orders requiring Planet Home to fully and accurately disclose the nature of the information that has been compromised and to adopt sufficient security practices and safeguards to prevent incidents like the disclosure (the "Data Breach") in the future.

3.      Planet Home disclosed having become aware of outsiders having accessed Class Members' data on November 15, 2023. But it did not disclose the incident until January 26, 2024, when it reported having sent notification letters to people whose PII was exposed by the Data Breach.

4.      Planet Home knowingly obtained sensitive PII and had a resulting duty to securely maintain that information in confidence. Plaintiff and Class Members would not have provided their PII to Planet Home if they had known that Planet Home would not ensure that it used adequate security measures.

5.      Plaintiff seeks to remedy these harms individually and on behalf of all other similarly situated individuals whose PII was exposed in the Data Breach. Plaintiff seeks remedies including compensation for time spent responding to the Data Breach and other types of harm, free credit monitoring and identity theft insurance, and injunctive relief including substantial improvements to Planet Home's data security policies and practices.

## PARTIES

6.      Plaintiff Jaime Mazzo is a resident of Port St. Lucie, Florida, who borrowed funds from Planet Home and/or its affiliates. Ms. Mazzo contacted Planet Home upon learning of the Data Breach, and was informed that her PII was exposed.

7.      Defendant Planet Home Lending, LLC is a Delaware corporation, with its principal place of business in Meriden, Connecticut.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a state other than Connecticut, there are more than 100 class

members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

9.      This Court has personal jurisdiction over Planet Home because Planet Home maintains its principal place of business in Connecticut and conducts substantial business in this District through its principal place of business; engaged in the conduct at issue herein from and within this District; and otherwise has substantial contacts with this District.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and because Planet Home resides in this District, and this District is where a substantial part of the acts, omissions, and events giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

### The Data Breach

11.     Planet Home describes itself as "a full-service mortgage expert and true partner for people looking to buy a home or refinance their existing one."[1] Planet Home claims to be "a company focused on supporting and strengthening those we serve, driven by a belief that creating a connection under a common cause is what leads to happy homeowners. You can rest easy knowing you're cared for during the most important financial moments in life."[2]

12.     Due to the nature of the services it provides, Planet Home acquires and electronically stores PII. Planet Home was therefore required to ensure that PII was not disclosed or disseminated to unauthorized third parties without Plaintiff's and Class Members' express written consent.

---

[1] About Us, available at https://planethomelending.com/about-us/ (last visited Jan. 31, 2024).

[2] *Id.*

13.    On or around September 8, 2023, Planet Home disclosed having discovered a data breach on June 1, 2023. That incident exposed victims' Social Security numbers.[3]

14.    On January 26, 2024, Planet Home disclosed becoming aware of outsiders having accessed Class Members' data on November 15, 2023, just two months after Planet Home reported the prior data breach. Planet Home claimed that "[t]he root cause of the incident was a vulnerability (which has been termed 'Citrix Bleed') existing in a software program that Planet purchased from Citrix Systems, Inc."[4]

15.    Concurrent with that disclosure, Planet Home reported to the Office of the Maine Attorney General that 199,873 individuals were affected.[5]

16.    Planet Home's disclosures are otherwise deficient. They do not include basic details concerning the Data Breach, including, but not limited to, why PII was stored on systems without adequate security, the deficiencies in the security systems that permitted unauthorized access, whether the data was encrypted or otherwise protected, and what Planet Home knows about the degree to which the data has been disseminated.

17.    Planet Home has not disclosed nearly all the details of the Data Breach and its investigation. Without such disclosure, questions remain as to the full extent of the Data Breach, the actual data accessed and compromised, and what measures, if any, Planet Home has taken to secure the PII still in its possession. Plaintiff seeks to determine the scope of the Data Breach and

---

[3] Data Breach Notifications, available at https://apps.web.maine.gov/online/aeviewer/ ME/40/89a7b1d5-6d3b-44f7-8f68-5fd745a25520.shtml (last visited Jan. 31, 2024).

[4] Notice of Data Breach, available at https://apps.web.maine.gov/online/aeviewer/ME/40/ 5f9aa393-9c7a-49e0-855f-5e36adfb9e6c/c7aaf2b1-5cd6-4e60-bd12-b132452a014f/document. html (last visited Jan. 31, 2024).

[5] Data Breach Notifications, available at https://apps.web.maine.gov/online/aeviewer/ ME/40/5f9aa393-9c7a-49e0-855f-5e36adfb9e6c.shtml (last visited Jan. 31, 2024).

the information involved, obtain relief that redresses the harm to Plaintiff's and Class Members' interests, and ensure that Planet Home has proper measures in place to prevent similar incidents from occurring in the future.

### Planet Home's Security Representations

18.     Planet Home's Consumer Privacy Policy claims that "[a]t Planet Home Lending, LLC … we recognize your right to confidentiality and value your trust very seriously. We strive to protect the privacy of our clients' personal information and their customers' data."[6]

19.     That Consumer Privacy Policy further claims that "[a]ll of our Users' information, not just the sensitive information mentioned above, is restricted in our offices. Only employees who need the information to perform a specific job are granted access to the information. … Finally, the servers on which we store our Clients' data are kept in a secure environment, with around the clock security."[7]

20.     A fact sheet on Planet Home's website identifies several "[r]easons we can share your personal information."[8] Those reasons do not reference the disclosure of personal information to unauthorized third parties.

### Planet Home Stores Plaintiff's and Class Members' PII

21.     Planet Home obtained and stored a massive amount of PII. As a condition of using Planet Home's services, it required that clients entrust it with highly confidential PII.

---

[6] Consumer Privacy Policy, available at https://planethomelending.com/privacy-policy/ (last visited Jan. 31, 2024).

[7] *Id*.

[8] *See* Planet Home Lending – We'll get you home, available at https://planethomelending.com/wp-content/uploads/2017/04/PHL-Privacy-Notice-Non-CA-Sample.pdf (last visited Jan. 31, 2024).

22.     By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' PII, Planet Home assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII from disclosure.

23.     Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII, and relied on Planet Home to keep this information confidential and securely maintained, and to make only authorized disclosures of this information.

**PII is Valuable and Subject to Unauthorized Disclosure**

24.     Planet Home was aware that the PII it collected is highly sensitive and of significant value to those who would use it for wrongful purposes.

25.     PII is a valuable commodity to identity thieves. As the FTC recognizes, identity thieves can use this information to commit an array of crimes including identify theft, and medical and financial fraud.[9] Indeed, a robust illegal market exists in which criminals openly post stolen PII on multiple underground websites, commonly referred to as the "dark web."

26.     The ramifications of Planet Home's failure to keep Plaintiff's and Class Members' PII secure are long-lasting and severe. Once PII is stolen, fraudulent use of that information and damage to victims may continue for years. Fraudulent activity might not show up for months or even years thereafter.

27.     Further, criminals often trade stolen PII for years following a breach. Cybercriminals can post stolen PII on the internet, thereby making such information publicly available.

---

[9] Federal Trade Commission, What To Know About Identity Theft (available at https://consumer.ftc.gov/articles/what-know-about-identity-theft) (last accessed Jan. 18, 2024).

28.     Planet Home knew, or should have known, the importance of safeguarding PII entrusted to it and of the foreseeable consequences if its data security systems were breached. This includes the significant costs that would be imposed on Plaintiff and Class Members because of a breach. Planet Home failed, however, to take adequate cybersecurity measures to prevent the Data Breach from occurring.

**The Data Breach Exposed Plaintiff and Class Members
to Identity Theft and Out-of-Pocket Losses**

29.     Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of their rights. They are incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

30.     Despite all the publicly available knowledge of known and foreseeable consequences of the disclosure of PII, Planet Home's policies and practices with respect to maintaining the security of Plaintiff's and Class Members' PII were reckless, or at the very least, negligent.

31.     In virtually all contexts, the expenditure of time has consistently been recognized as compensable, and for many people, it is the basis on which they are compensated. Plaintiff and Class Members should be compensated for the time they have expended because of Planet Home's misfeasance.

32.     Once PII are stolen, fraudulent use of that information and damage to victims may continue for years. Consumer victims of data breaches are more likely to become victims of identity fraud.[10]

---

[10]     2014 LexisNexis True Cost of Fraud Study (available at https://www.lexisnexis.com/risk/downloads/assets/true-cost-fraud-2014.pdf) (last accessed Jan. 18, 2024).

33.     As a result of the wide variety of injuries that can be traced to the Data Breach, Plaintiff and Class Members have and will continue to suffer financial loss and other actual harm for which they are entitled to damages, including, but not limited to, the following:

    a.  losing the inherent value of their PII;

    b.  identity theft and fraud resulting from the theft of their PII;

    c.  costs associated with the detection and prevention of identity theft;

    d.  costs associated with purchasing credit monitoring, credit freezes, and identity theft protection services;

    e.  lowered credit scores resulting from credit inquiries following fraudulent activities;

    f.  costs associated with time spent and the loss of productivity or the enjoyment of one's life from taking time to address and attempt to mitigate and address the actual and future consequences of the Data Breach, including discovering fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposing withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with the repercussions of the Data Breach; and

    g.  the continued imminent injury flowing from potential fraud and identify theft posed by their PII being in the possession of one or more unauthorized third parties.

**Planet Home Violated FTC Guidelines**

34.     The Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, prohibited Planet Home from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain

reasonable and appropriate data security for consumers' PII is an "unfair practice" in violation of the FTC Act. *See, e.g., Fed. Trade Comm'n v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

35.     The FTC has promulgated several guides for businesses that reflect the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.[11]

36.     In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established data security guidelines for businesses.[12] The guidelines reflect that businesses should protect the PII that they keep; properly dispose of PII that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

37.     The FTC further recommends that companies not maintain PII longer than is needed for authorization of a transaction; limit access to confidential data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.[13]

38.     The FTC has brought enforcement actions against businesses for failing to protect customer data adequately and reasonably, treating the failure to employ reasonable and

---

[11] Federal Trade Commission, Start With Security: A Guide for Business (available at https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf) (last accessed Jan. 18, 2024).

[12] Federal Trade Commission, Protecting Personal Information: A Guide for Business (available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf) (last accessed Jan. 18, 2024).

[13] FTC, *Start With Security*, *supra*.

appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

39.     Planet Home failed to properly implement basic data security practices. Planet Home's failure to employ reasonable and appropriate measures to protect against unauthorized access to Plaintiff's and Class Members' PII constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

40.     Planet Home was at all times fully aware of its obligation to protect Plaintiff's and Class Members' PII because of its position as a financial services provider. Planet Home was also aware of the significant repercussions that would result from its failure to do so.

## CLASS ACTION ALLEGATIONS

41.     Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a Class as defined below:

> All persons in the United States and its territories whose PII was compromised in the Data Breach.

42.     Excluded from the Class are Planet Home, any entity in which Planet Home has a controlling interest, and Planet Home's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

43.     Plaintiff reserves the right to modify or amend the definition of the proposed Class as additional information becomes available to Plaintiff.

44.     **Numerosity:** The Class Members are so numerous that individual joinder of all Class Members is impracticable. Planet Home disclosed that the Data Breach affected at least

199,873 individuals. All Class Members' names and addresses are available from Planet Home's records, and Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

45.   **Commonality:** There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a.   Whether and to what extent Planet Home had a duty to protect the PII of Class Members;

    b.   Whether Planet Home was negligent in collecting and storing Plaintiff's and Class Members' PII;

    c.   Whether Planet Home had duties not to disclose the PII of Class Members to unauthorized third parties;

    d.   Whether Planet Home took reasonable steps and measures to safeguard Plaintiff's and Class Members' PII;

    e.   Whether Planet Home failed to adequately safeguard the PII of Class Members;

    f.   Whether Planet Home failed to implement and maintain reasonable security policies and practices appropriate to the nature and scope of the PII compromised in the Data Breach;

    g.   Whether Planet Home adequately, promptly, and accurately informed Plaintiff and Class Members that their PII had been compromised;

    h.   Whether Plaintiff and Class Members are entitled to actual damages, statutory damages, and/or punitive damages because of Planet Home's wrongful conduct;

i.  Whether Plaintiff and Class Members are entitled to restitution because of Planet Home's wrongful conduct;

j.  Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and ongoing harm they face because of the Data Breach; and

k.  Whether Plaintiff and Class Members are entitled to identity theft protection for their respective lifetimes.

46.  **Typicality:** Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was disclosed by Planet Home. Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all Class Members were injured through Planet Home's common misconduct. Plaintiff is advancing the same claims and legal theories individually and on behalf of all other Class Members, and there are no defenses that are unique to Plaintiff. Plaintiff's claims and Class Members' claims arise from the same operative facts and are based on the same legal theories.

47.  **Adequacy:** Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed to pursuing this matter against Planet Home to obtain relief for the Class. Plaintiff has no conflicts of interest with the Class. Plaintiff's counsel are competent and experienced in litigating class actions, including extensive experience in data breach litigation. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class's interests.

48.  **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Planet Home has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making final injunctive relief appropriate

12

with respect to the Class as a whole. Planet Home's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies hinges on Planet Home's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

49.     **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Planet Home. Even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

50.     The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Planet Home would necessarily gain an unconscionable advantage in non-class litigation, since Planet Home would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by Class Members and will establish the right of each Class Member to recover on the causes of action alleged; and

individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

51.     The litigation of Plaintiff's claims is manageable. Planet Home's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with maintenance of this lawsuit as a class action.

52.     Adequate notice can be given to Class Members directly using information maintained in Planet Home's records.

53.     Unless a class-wide injunction is issued, Planet Home may continue to maintain inadequate security with respect to the PII of Class Members, Planet Home may continue to refuse to provide proper notification to Class Members regarding the Data Breach, and Planet Home may continue to act unlawfully as set forth in this Complaint.

54.     Planet Home has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate.

**COUNT I**
**NEGLIGENCE**
**(on behalf of Plaintiff and the Class)**

55.     Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

56.     Planet Home knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' PII, and had a duty to exercise reasonable care in safeguarding, securing and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. That duty included, among other things, designing, maintaining, and testing Planet Home's security protocols to ensure that Plaintiff's and Class

Members' PII in Planet Home's possession was adequately secured and protected, that Plaintiff's and Class Members' PII on Planet Home's networks was not accessible to criminals without authorization, and that Planet Home's employees tasked with maintaining such information were adequately trained on security measures regarding the security of Plaintiff's and Class Members' PII.

57.     Plaintiff and Class Members entrusted their PII to Planet Home with the understanding that Planet Home would safeguard their information, use their PII for business purposes only, and not disclose their PII to unauthorized third parties.

58.     Planet Home knew or reasonably should have known that a failure to exercise due care in the collecting, storing, and using Plaintiff's and Class Members' PII involved an unreasonable risk of harm to Plaintiff and Class Members.

59.     Planet Home also had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's and Class Members' PII.

60.     A breach of security, unauthorized access, and resulting injury to Plaintiff and Class Members was reasonably foreseeable, particularly in light of prior data breaches and disclosures prevalent in today's digital landscape.

61.     Plaintiff and Class Members were the foreseeable and probable victims of any inadequate security practices and procedures. Planet Home knew or should have known of the inherent risks in collecting and storing Plaintiff's and Class Members' PII, the critical importance of providing adequate security of that information, the necessity for encrypting PII stored on Planet Home's systems, and that it had inadequate IT security protocols in place to secure Plaintiff's and Class Members' PII.

62.     Planet Home's misconduct created a foreseeable risk of harm to Plaintiff and Class Members. Planet Home's misconduct included, but was not limited to, failure to take the steps and opportunities to prevent the Data Breach as set forth herein.

63.     Plaintiff and Class Members had no ability to protect their PII that was in Planet Home's possession.

64.     Planet Home was in a position to protect against the harm suffered by Plaintiff and Class Members as a result of the Data Breach.

65.     Planet Home had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' PII within its possession was compromised and precisely the type(s) of information that were compromised.

66.     Planet Home had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' PII.

67.     Planet Home systematically failed to provide adequate security for data in its possession.

68.     Planet Home, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' PII within its possession.

69.     Planet Home, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' PII.

70.     Planet Home, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff and Class Members that the PII within its possession might have been compromised and precisely the type of information compromised.

16

71.     Planet Home's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' PII to be compromised.

72.     But for all of Planet Home's acts of negligence detailed above, including allowing cyber criminals to access its systems containing Plaintiff's and Class Members' PII would not have been compromised.

73.     Plaintiff never transmitted her own unencrypted PII over the internet or any other unsecured source.

74.     Following the Data Breach, Plaintiff's PII has been seized by unauthorized third parties who are now free to exploit and misuse that PII, and Plaintiff is unable to prevent its further dissemination. Plaintiff's PII is forever compromised.

75.     But for the Data Breach, Plaintiff would not have incurred the loss and publication of her PII and other injuries.

76.     There is a close causal connection between Planet Home's failure to implement security measures to protect Plaintiff's and Class Members' PII and the harm suffered, or risk of imminent harm suffered by Plaintiff and Class Members. Plaintiff's and Class Members' PII was accessed and compromised as the proximate result of Planet Home's failure to exercise reasonable care in safeguarding such PII by adopting, implementing, and maintaining appropriate security measures and encryption.

77.     Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, loss of privacy, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

78.     As a result of Planet Home's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their PII, which is still in the possession of third parties, will be used for fraudulent purposes.

79.     Plaintiff seeks the award of actual damages on behalf of himself and the Class.

80.     Plaintiff seeks injunctive relief on behalf of the Class in the form of an order (1) compelling Planet Home to institute appropriate data collection and safeguarding methods and policies with regard to PII; and (2) compelling Planet Home to provide detailed and specific disclosure of what types of PII have been compromised as a result of the data breach.

## COUNT II
## NEGLIGENCE PER SE
### (on behalf of Plaintiff and the Class)

81.     Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

82.     Pursuant to the FTC Act, Planet Home was required by law to maintain adequate and reasonable data and cybersecurity measures to maintain the security and privacy of Plaintiff's and Class Members' PII.

83.     Planet Home breached its duties by failing to employ industry standard data and cybersecurity measures to ensure their compliance with that law, including, but not limited to, proper segregation, access controls, password protection, encryption, intrusion detection, secure destruction of unnecessary data, and penetration testing.

84.     It was reasonably foreseeable, particularly given the growing number of data breaches of PII, that the failure to reasonably protect and secure Plaintiff's and Class Members' PII in compliance with applicable laws would result in an unauthorized third-party gaining access to Planet Home's networks, databases, and computers that stored or contained Plaintiff's and Class Members' PII.

85.     Planet Home's violations of the FTC Act constitute negligence per se.

86.     Plaintiff and Class Members are within the category of persons the FTC Act was intended to protect.

87.     The harm that occurred as a result of the Data Breach is the type of harm the FTC Act was intended to guard against.

88.     Plaintiff's and Class Members' PII constitutes personal property that was stolen due to Planet Home's negligence, resulting in harm, injury and damages to Plaintiff and Class Members.

89.     Planet Home's conduct in violation of applicable laws directly and proximately caused the unauthorized access and disclosure of Plaintiff's and Class Members' unencrypted PII, and Plaintiff and Class Members have suffered and will continue to suffer damages as a result of Planet Home's conduct. Plaintiff and Class Members seek damages and other relief as a result of Planet Home's negligence.

**COUNT III**
**BREACH OF EXPRESS CONTRACT**
**(on behalf of Plaintiff and the Class)**

90.     Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

91.     Plaintiff and Class Members entered into written agreements with Planet Home in the course of financial services and related services Planet Home provided to Plaintiff and Class Members. The agreements involved a mutual exchange of consideration whereby Planet Home provided these services in exchange for payment from Class Members.

92.     Plaintiff and Class Members paid Planet Home for its services and performed under these agreements.

93.     Planet Home's failure to protect Plaintiff's and Class Members' PII constitutes a material breach of the terms of these agreements by Planet Home.

94.     As a direct and proximate result of Planet Home's breaches of express contract, Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(on behalf of Plaintiff and the Class)**

95.     Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

96.     When Plaintiff and Class Members provided their PII to Planet Home, they entered into implied contracts with Planet Home, under which Planet Home agreed to take reasonable steps to protect Plaintiff's and Class Members' PII, comply with its statutory and common law duties to protect Plaintiff's and Class Members' PII, and to timely notify them in the event of a data breach.

97.     Planet Home solicited and invited Plaintiff and Class Members to provide their PII as part of Planet Home's provision of financial services and related services. Plaintiff and Class Members accepted Planet Home's offers and provided their PII to Planet Home.

98.     When entering into implied contracts, Plaintiff and Class Members reasonably believed and expected that Planet Home's data security practices complied with its statutory and common law duties to adequately protect Plaintiff's and Class Members' PII and to timely notify them in the event of a data breach.

99.     Planet Home's implied promise to safeguard PII is evidenced by, *e.g.*, the representations in its privacy policies set forth above.

100.     Plaintiff and Class Members would not have provided their PII to Planet Home had they known that Planet Home would not safeguard their PII, as promised, or provide timely notice of a data breach.

101.     Plaintiff and Class Members fully performed their obligations under their implied contracts with Planet Home.

102.     Planet Home breached its implied contracts with Plaintiff and Class Members by failing to safeguard Plaintiff's and Class Members' PII and by failing to provide them with timely and accurate notice of the Data Breach.

103.     The losses and damages Plaintiff and Class Members sustained, include, but are not limited to:

a.   Theft of their PII;

b.   Costs associated with purchasing credit monitoring and identity theft protection services;

c.   Costs associated with the detection and prevention of identity theft and unauthorized use of their PII;

d.   Lowered credit scores resulting from credit inquiries following fraudulent activities;

e.   Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach – including finding fraudulent charges, cancelling, and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, and imposing withdrawal and purchase limits on compromised accounts;

f.   The imminent and certainly impending injury flowing from the increased risk of potential fraud and identity theft posed by their PII being placed in the hands of criminals;

g.   Damages to and diminution in value of their PII entrusted, directly or indirectly, to Planet Home with the mutual understanding that Planet Home would safeguard Plaintiff's and Class Members' data against theft and not allow access and misuse of their data by others;

h.   Continued risk of exposure to hackers and thieves of their PII, which remains in Planet Home's possession and is subject to further breaches so long as Planet Home fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' data; and

i.   Emotional distress from the unauthorized disclosure of PII to strangers who likely have nefarious intentions and now have prime opportunities to commit identity theft, fraud, and other types of attacks on Plaintiff and Class Members.

104.   As a direct and proximate result of Planet Home's breach of contract, Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and/or nominal damages, in an amount to be proven at trial.

**COUNT V**
**UNJUST ENRICHMENT**
**(on behalf of Plaintiff and the Class)**

105.   Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

106.   Plaintiff and Class Members have an interest, both equitable and legal, in their PII that was conferred upon, collected by, and maintained by Planet Home and that was stolen in the Data Breach.

107.    Planet Home benefitted from the conferral upon it of Plaintiff's and Class Members' PII, and by its ability to retain and use that information. Planet Home understood that it so benefitted.

108.    Planet Home also understood and appreciated that Plaintiff's and Class Members' PII was private and confidential and that its value depended upon Planet Home maintaining its privacy and confidentiality.

109.    But for Planet Home's willingness and commitment to maintain its privacy and confidentiality, that PII would not have been transferred to and entrusted with Planet Home. Further, if Planet Home had disclosed that its data security measures were inadequate, Planet Home would not have been permitted to continue in operation by regulators and the financial marketplace.

110.    As a result of Planet Home's wrongful conduct as alleged in this Complaint (including, among other things, their failure to employ adequate data security measures, their continued maintenance and use of Plaintiff's and Class Members' PII without having adequate data security measures, and its other conduct facilitating the theft of that PII), Planet Home has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and Class Members.

111.    Planet Home's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein, including the compilation and use of Plaintiff's and Class Members' sensitive PII, while at the same time failing to maintain that information secure from intrusion and theft by hackers.

112.    Under the common law doctrine of unjust enrichment, it is inequitable for Planet Home to be permitted to retain the benefits it received, and is still receiving, without justification, from the use of Plaintiff's and Class Members' PII in an unfair and unconscionable

manner. Planet Home's retention of such benefits under circumstances making it inequitable to do so constitutes unjust enrichment.

113.    The benefit conferred upon, received, and enjoyed by Planet Home was not conferred officiously or gratuitously, and it would be inequitable and unjust for Planet Home to retain the benefit.

**COUNT VI**
**INJUNCTIVE/DECLARATORY RELIEF**
**(on behalf of Plaintiff and the Class)**

114.    Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the preceding paragraphs.

115.    Planet Home owes a duty of care to Plaintiff and Class Members requiring it to adequately secure PII.

116.    Planet Home still stores Plaintiff's and Class Members' PII.

117.    Since the Data Breach, Planet Home has announced no specific changes to its data security infrastructure, processes, or procedures to fix the vulnerabilities in its computer systems and/or security practices which permitted the Data Breach to occur and, thereby, prevent similar incidents from occurring in the future.

118.    Planet Home has not satisfied its legal duties to Plaintiff and Class Members.

119.    Actual harm has arisen in the wake of the Data Breach regarding Planet Home's duties of care to provide security measures to Plaintiff and Class Members. Further, Plaintiff and Class Members are at risk of additional or further harm due to the exposure of their PII, and Planet Home's failure to address the security failings that led to that exposure.

120.    Plaintiff, therefore, seeks a declaration: (a) that Planet Home's existing security measures do not comply with its duties of care to provide adequate security; and (b) that to

comply with its duties of care, Planet Home must implement and maintain reasonable security measures, including, but not limited to, the following:

    a.   ordering that Planet Home engage third-party security auditors as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Planet Home's systems on a periodic basis, and ordering Planet Home to promptly correct any problems or issues detected by such third-party security auditors;

    b.   ordering that Planet Home engage third-party security auditors and internal personnel to run automated security monitoring;

    c.   ordering that Planet Home audit, test, and train its security personnel regarding any new or modified procedures;

    d.   ordering that Planet Home segment PII by, among other things, creating firewalls and access controls so that if one area of Planet Home's system is compromised, hackers cannot gain access to other portions of Planet Home's system;

    e.   ordering that Planet Home purge, delete, and destroy in a reasonably secure manner PII not necessary for its provision of services;

    f.   ordering that Planet Home conduct regular computer system scanning and security checks; and

    g.   ordering that Planet Home routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

a.  for an Order certifying the Class as defined herein, and appointing Plaintiff and her counsel to represent the Class;

b.  for equitable relief enjoining Planet Home from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and Class Members;

c.  for equitable relief compelling Planet Home to use appropriate cybersecurity methods and policies with respect to PII collection, storage, and protection, and to disclose with specificity to Class Members the types of PII compromised;

d.  for an award of damages, including actual, nominal, consequential, enhanced compensatory, and punitive damages, as allowed by law in an amount to be determined;

e.  for an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

f.  for prejudgment interest on all amounts awarded; and

g.  such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 1, 2024

Respectfully submitted,

_____/s/ Robert A. Izard_____

Robert A. Izard
Craig A. Raabe
Christopher M. Barrett
Seth R. Klein
**IZARD, KINDALL & RAABE**
29 South Main Street
Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com
sklein@ikrlaw.com

William "Billy" Peerce Howard
**THE CONSUMER PROTECTION FIRM, PLLC**
301 East Jackson Street, Suite 2340
Truist Place
Tampa, FL 33602
Telephone: 813-500-1500
billy@TheConsumerProtectionFirm.com

Bart D. Cohen
**BAILEY GLASSER LLP**
1622 Locust Street
Philadelphia, PA  19103
(215) 274-9420
bcohen@baileyglasser.com

Jeff Ostrow
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com

*Attorneys for Plaintiff and the Proposed Class*